SCEC-20-0000508

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

ASHLEY (NOELLE) FAMERA-ROSENZWEIG, Plaintiff,

vs.

KAIALI'I (KAI) KAHELE, Defendant.

---

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ.,
and Circuit Judge Cataldo, assigned by reason of vacancy)

Upon consideration of the August 11, 2020 election complaint filed by Plaintiff Ashley (Noelle) Famera-Rosenzweig, the September 25, 2020 motion to dismiss filed by Respondent Scott Nago, Chief Election Officer, and Plaintiff's opposition to the motion to dismiss the complaint, and having heard this matter without oral argument, we set forth the following findings of fact and conclusions of law and enter the judgment in accordance with HRS § 11-173.5.

FINDINGS OF FACT

1.  Plaintiff Ashley (Noelle) Famera-Rosenzweig (Plaintiff) was one of four candidates in the democratic primary election for the office of U.S. Representative, District II in the August 8, 2020 primary election.

2.  According to the final primary election summary printout, the election results for the democratic primary election for U.S. Representative, District II were:

| | | |
|---|---|---|
| Kahele, Kaiali'i (Kai) | 100,841 | (65.8%) |
| Evans, Brian | 12,337 | ( 8.1%) |
| Lee, Brenda L. Machado | 10,694 | ( 7.0%) |
| Famera, Noelle | 7,992 | ( 5.2%) |
| Blank Votes | 20,904 | (13.6%) |
| Over Votes | 381 | ( 0.2%) |

3.  Plaintiff contends Kahele's voluntary assignment with the National Guard prior to the election was a tactical move on the part of Kahele and the Democratic Party to prevent all of the candidates from participating in appearances and debates with media networks.  Due to the failure to participate im media events, Plaintiff asks the court to:

(a)  order the investigation of the Democratic Party and Kahele;

(b)  strike Kahele's name from the ballot;

(c)  investigate Candidate Brenda Lee and strike her name from the ballot; and

(d)  order a re-vote for the U.S. Representative, District II democratic primary with only candidates Famera-Rosenzweig and Brian Evans on the ballot with the winner to move on to the November 2020 general election.

4.  In the motion to dismiss Plaintiff's election contest complaint, the Chief Election Officer contends the complaint fails to state a claim upon which relief can be granted and the relevant election contest statutes limit the supreme court's jurisdiction to deciding which candidate was nominated or elected, and thus, the court cannot grant the relief requested.

2

CONCLUSIONS OF LAW

1.  HRS § 11-172 provides that a copy of the complaint for an election contest "shall be delivered to the chief election officer or the clerk in the case of county election "  See Han v. Manahan, SCEC-12-0000716, 2012 WL 3667313, (Haw. Aug. 27, 2012) (concluding that in an election contest involving a county election, the City Clerk was a necessary and indispensable party who should have been named as a defendant and served with a copy of the complaint).

2.  The democratic primary election for the office of the United States Representative, District II, is a state election administered by the State Office of Elections.  The Chief Election Officer, therefore, is a necessary and indispensable party who should have been named as a defendant. The record shows the attorney for the Chief Election Officer was served with a copy of the complaint, and this court issued an order directing the Chief Election Officer to appear in this matter to ensure the election contest is decided on the merits.

3.  HRS § 11-172 provides in relevant part:

> The complaint shall set forth any cause or causes, such as, but not limited to, provable fraud, overages or  underages, that could cause a difference in the election results.

4.  A complaint challenging the results of an election pursuant to HRS § 11-172 fails to state a claim unless the plaintiff demonstrate errors that would change the outcome of the election.  Tataii v. Cronin, 119 Hawaiʻi 337, 339, 198 P.3d 124,

3

126 (2008) (citing <u>Akaka v. Yoshina</u>, 84 Hawaiʻi 383, 387, 935 P.2d 98, 102 (1997)).  <u>See</u> <u>also</u> <u>Funakoshi v. King</u>, 65 Haw. 312, 317, 651 P.2d 912, 913 (1982) (Difference in the election results . . . mean[s] a difference sufficient to change the results of the election).

> 5.  [T]he [plaintiff] must show that he or she has actual information of mistakes or errors sufficient to change the result.  The [plaintiff] has the burden of demonstrating that the specific acts and conduct of which [he or she] complain[s] would have had the effect of changing the results.  In the absence of facts showing that irregularities exceed the reported margin between the candidates, the complaint is legally insufficient because, even if its truth were assumed, the result of the election would not be affected.
>                            . . .
> It is not sufficient that the [plaintiff] points to a poorly run and inadequately supervised election process that evinces room for abuse or possibilities of fraud.  An election contest cannot be based upon mere belief or indefinite information.

<u>Tataii</u>, 119 Hawaiʻi at 339-40, 198 P.3d at 126-27 (citing <u>Akana v. Yoshina</u>, 84 Hawaiʻi at 387-388, 935 P.2d at 102-103 (internal quotation marks, brackets and citations omitted).

6.  Upon considering a complaint contesting a primary election, a special primary election, or a county election, the supreme court, pursuant to HRS § 11-173.5, "shall give judgment fully stating all findings of fact and law" and "shall decide what candidate was nominated or elected."

7.  Unlike HRS § 11-174.5, which governs contests for general and special general elections and allows the court to

4

invalidate an election, HRS § 11-173.5 does not provide for a judgment that would invalidate the primary election and allow a new election. See Funakoshi v. King, 65 Haw. 312, 315, 651 P.2d at 912, 914. (the legislature only provided for the extraordinary remedy of invalidating an election and allowing a new election for general elections, special general elections, and special elections).

8. Taking Plaintiff's allegations as true and viewing them in the light most favorable to her, it is evident she has presented no set of facts that would entitle her to the requested relief. She does not present specific acts or actual information of mistake or error sufficient to change the election results. Even if her claims regarding Kahele's failure to participate in media campaigns and debates are true, that alone is insufficient to change the results of the election. See Tataii v. Cronin, 119 Hawaiʻi at 340, 198 P.3d at 127 (where the plaintiff makes no showing that the defendant was under any obligation to debate plaintiff, the refusal to debate was not an error, mistake or irregularity that would change the result of the election).

9. The remedies sought by Plaintiff -- strike Kahele's name from the ballot; investigate Kahele and the democratic party; nullify the votes for candidate Brenda Lee; and a re-vote between Famera-Rosenzweig and Brian Evans -- are not authorized by HRS § 11-173.5(b)

10. The Chief Election Officer's motion to dismiss is granted.

5

JUDGMENT

Based upon the foregoing findings of fact and conclusions of law, the judgment is entered dismissing the complaint. Kaialiʻi (Kai) Kahele is the candidate who received the highest number of votes in the democratic primary election for U.S. Representative, District II, and his name shall be placed on the ballot as the democratic candidate in the November 2020 general election.

The clerk of the supreme court shall forthwith serve a certified copy of this judgment on the chief election officer in accordance with HRS § 11-173.5(b).

DATED: Honolulu, Hawaiʻi, October 2, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Lisa W. Cataldo